IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01179-GPG


LEROY BUHL,

      Plaintiff,

v.

U.S. DEPT. OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
JOHN DIGNAM,
CHARLES ALVAREZ,
T. VIALPANDO, and
DEBRA PAYNE,

      Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Motion to Reconsider Order of Dismissal,"
ECF No. 6, that Mikeal Glenn Stine filed on June 19, 2015, challenging the Court's June
10, 2015 Order that dismisses him and his claims from this action.  Mr. Stine is in the
custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in
Florence, Colorado.  The Court must construe the Motion liberally because Mr. Stine is
a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,
935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny
the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the
district court of that adverse judgment, may "file either a motion to alter or amend the
judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr Stine's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the June 10, 2015 Order was entered in this action on June 10, 2015.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Stine states that (1) this case originally was filed in the United States District Court for the District of Columbia (District of Columbia) over a year ago (case actually was first filed as 14-mc-1149-UNA, a miscellaneous case, on October 17, 2014); (2) the United States Court of Appeals for the District of Columbia Circuit reversed the District of Columbia's decision to dismiss the complaint as not satisfying the imminent danger standard under 28 U.S.C. § 1915(g) and remanded the complaint to the District of Columbia for further consideration; and (3) the District of Columbia transferred this case to this Court pursuant to 218 U.S.C. §§ 1404 and 1406(a).

2

Mr. Stine objects to the transfer order because he is enjoined from filing civil complaints in this Court and the Court is hostile to him.  Mr. Stine also contends that when the transferring court does not have jurisdiction to hear a case, and it elects to transfer a case, it should not transfer the case to a district where a plaintiff is enjoined from filing a civil action.  Mr. Stine further contends that, when a case is transferred to this Court, a plaintiff should not have to re-plead a case on complaint forms that are required when filing a *pro se* action in this Court.  Finally, Mr. Stine claims that the Bureau of Prisons has taken all his past inactive court papers and destroyed them, because new rules only allow ADX inmates access to legal papers that pertain to active cases.

First, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  "Traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991) (collecting cases).  Otherwise, if a transferee court were free to revisit the transfer decision of a coordinate court, it would threaten to send litigants into "a vicious circle of litigation." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

The transferee court may, however, reconsider the transferor courts transfer order when (1) the governing law has been changed by a subsequent decision of a higher court; (2) new evidence becomes available; (3) when a clear error has been committed; or (4) to prevent manifest injustice.  *See Chrysler Credit Corp*, 928 F.2d at 1516.  Here, Mr. Stine challenges the transfer because he is subject to filing restrictions

in this Court.  He does not assert a change of governing law, new evidence is available, a clear error has been committed, or a manifest injustice must be prevented.  Mr. Stine's challenge to the transfer order, therefore, is without legal basis.

Second, Local Rules 1.2 and 5.1(c) of the Local Rules of Practice-Civil for this Court require litigants to use the Court-approved forms found on the Court's website. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).  Plaintiff does not assert he is unable to obtain the Court-approved forms for filing a complaint, or any other nonwillful failures to comply with the local rules.  His only claim is that he should not have to re-plead his claims on a Court-approved form when a case is transferred to this Court, which based on the findings is meritless.

Third, for the same reasons that this Court dismissed another of Mr. Stine's recently filed cases, the Court will dismiss this action.  *See Stine v. Oliver, et al.*, No. 15-cv-01293-LTB (D. Colo. June 23, 2015).  Mr. Stine does not state that he has asked and been denied access to the documents he is required to submit when filing an action in this case pursuant to his filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 (D. Colo. Sept. 1, 2009).

Based on the above findings, Mr. Stine and the claims he asserts in this action were properly dismissed for failure to comply with the filing restrictions set forth in Case No. 07-cv-01839-WYD-KLM.  The Court, therefore, will deny the Motion to Reconsider because Mr. Stine fails to demonstrate that the Court misapprehended the facts, his

position, or the controlling law and that reinstatement of this action is deserving.

Accordingly, it is

ORDERED that Mr. Stine's Motion to Reconsider, ECF No. 6, filed on June 19,

2015, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and

is denied.

DATED at Denver, Colorado, this  25th  day of   June  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court