**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01179-GPG

LEROY BUHL,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
JOHN DIGNAM,
C. ALVAREZ,
D. PAYNE,
M. THOMPSON,
D. RHODES,
C. COOK,
E. SUENSVOLD,
G. POLAND, and
JOHN OLIVER,

    Defendants.

ORDER TO SHOW CAUSE

Plaintiff Leroy Buhl is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Buhl and two other inmates originally initiated this action by filing a complaint in the United States District Court for the District of Columbia claiming violations of the Privacy Act, the Federal Tort Claims Act, the Tucker Act, and the Eighth Amendment. The District of Columbia transferred the case to this Court on May 29, 2015, pursuant to 28 U.S.C. §§ 1404 and 1406(a).

On June 10, 2015, this Court dismissed Plaintiffs Mikeal Stine and Jeremy Pinson because they are enjoined from filing a civil action in this Court unless they

comply with the requirements of their filing restrictions, *see Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, ECF No. 123 (D. Colo. May 1, 2014), and *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). The Court also directed remaining Plaintiff, Mr. Buhl, to file his claims on a proper Court-approved form and either to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or in the alternative pay the $400 filing fee in full.

On July 13, 2015, Mr. Buhl filed his claims on a Court-approved form and submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Subsequently, on July 31, 2015, Mr. Buhl filed a second complaint and § 1915 motion. Because the July 13 § 1915 motion does not include a certified account statement it will be denied as deficient. Also, the July 31 Complaint supercedes the July 13 Complaint. *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) ("[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . .") (internal quotation marks omitted). The Court, therefore, will only consider the merits of the Complaint Plaintiff filed on July 31.

For the reasons stated below, Mr. Buhl will be ordered to show cause why leave to proceed *in forma pauperis* pursuant to § 1915 should not be denied because he is subject to the filing restriction in § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

> claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court may take judicial notice of its own records and the records of other courts in determining whether Mr. Buhl has three or more prior dismissals that count as strikes for the purposes of § 1915(g). *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). Furthermore, the Court may count actions dismissed prior to the enactment of § 1915(g) and the Prison Litigation Reform Act in applying § 1915(g). *Id.* at 420.

Mr. Buhl has initiated at least three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous. *See Buhl v. Doe*, No. 04-2951 (3d Cir. Dec. 30, 2004) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Buhl v. Unknown Deputy Sheriffs*, No. 01-cv-02317 (D.N.J. May 31, 2001) (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted), *aff'd*, No. 01-2738 (3d Cir. Aug. 21, 2002); *Buhl v. Cooksey*, No. 96-322-JPG (S.D. Ill. Aug. 23, 1996) (dismissed as frivolous), *appeal dismissed*, No. 96-3336 (7th Cir. Apr. 15, 1999); *Buhl v. Kurtz*, No. 88-8377, 1988 WL 139649 (E.D. Pa. Dec. 23, 1988) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)).

"There is only one exception to the prepayment requirement in § 1915(g)" and a prisoner with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks

omitted). Vague and conclusory assertions of harm will not satisfy the imminent danger requirement of § 1915(g).  *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998).  Furthermore, allegations of past injury or harm are not sufficient.  *See Fuller v. Wilcox,* 288 F. App'x 509, 511 (10th Cir. 2008).  "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint."  *Hafed*, 635 F.3d at 1179 (collecting cases).

Mr. Buhl does not allege specific facts in support of any of his claims demonstrating he is facing imminent danger of serious physical injury at this time.  Nor does Mr. Buhl assert with any specificity in his motion seeking leave to proceed *in forma pauperis* that he is in imminent danger of serious physical injury.  His vague and conclusory allegations are not sufficient to demonstrate imminent danger of serious physical injury for the purposes of § 1915(g).  *See White,* 157 F.3d at 1231-32.

For these reasons, Mr. Buhl will be ordered to show cause why leave to proceed *in forma pauperis* pursuant to § 1915 should not be denied because he is subject to the filing restriction in 28 U.S.C. § 1915(g).  Accordingly, it is

ORDERED that Mr. Buhl show cause in writing **within thirty (30) days from the date of this order** why he should not be denied leave to proceed *in forma pauperis* because he is subject to the filing restriction in 28 U.S.C. § 1915(g).  It is

FURTHER ORDERED that if Mr. Buhl fails to show cause within the time allowed, the motion to proceed *in forma pauperis* will be denied.  It is

4

FURTHER ORDERED that the July 13, 2015 Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 26, is denied as deficient.  It is

FURTHER ORDERED that Mr. Buhl's "Motion for Court Order to Provide Copy of the Civil Rights Complaint," ECF No. 27, is denied as unnecessary since Mr. Buhl has complied with the Court's June 10, 2015 Order.

DATED August 3, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge