# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01179-GPG

LEROY BUHL,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
JOHN DIGNAM,
C. ALVAREZ,
D. PAYNE,
M. THOMPSON,
D. RHODES,
C. COOK,
E. SUENSVOLD,
G. POLAND, and
JOHN OLIVER,

    Defendants.

---

## ORDER DENYING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Plaintiff Leroy Buhl is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Buhl and two other inmates originally initiated this action by filing a complaint in the United States District Court for the District of Columbia claiming violations of the Privacy Act, the Federal Tort Claims Act, the Tucker Act, and the Eighth Amendment. The District of Columbia transferred the case to this Court on May 29, 2015, pursuant to 28 U.S.C. §§ 1404 and 1406(a).

On June 10, 2015, this Court dismissed Plaintiffs Mikeal Stine and Jeremy Pinson because they are enjoined from filing a civil action in this Court unless they comply with the requirements of their filing restrictions. *Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, ECF No. 123 (D. Colo. May 1, 2014); *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). The Court also directed remaining Plaintiff, Mr. Buhl, to file his claims on a proper Court-approved form and either to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or in the alternative pay the $400 filing fee in full. On July 31, 2015, Mr. Buhl filed the operative complaint in this action and submitted a 28 U.S.C. § 1915 Motion and Affidavit that included a certified account statement.

Magistrate Judge Gordon P. Gallagher then ordered Mr. Buhl to show cause why leave to proceed *in forma pauperis* pursuant to § 1915 should not be denied because he is subject to the filing restriction in § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Magistrate Judge Gallagher found that Mr. Buhl does not allege specific facts in support of any of his claims demonstrating he is facing imminent danger of serious physical injury at this time, nor assert with any specificity in his motion seeking leave to proceed *in forma pauperis* that he is in imminent danger of serious physical injury. Magistrate Judge Gallagher further determined that Mr. Buhl's vague and conclusory allegations are not sufficient to demonstrate imminent danger of serious

physical injury for the purposes of § 1915(g).   *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998).   For these reasons, Mr. Buhl was ordered to show cause why leave to proceed *in forma pauperis* pursuant to § 1915 should not be denied because he is subject to the filing restriction in 28 U.S.C. § 1915(g).

On August 28, 2015, Mr. Buhl filed a Response to the Order to Show Cause.   In the Response, Mr. Buhl first asserts imminent danger based on a sworn declaration by another inmate that Defendants Cook and Payne disclosed and disseminated sensitive information about Mr. Buhl and provided instructions on how to retrieve Mr. Buhl's criminal cases from the electronic law library system.   Resp., ECF No. 33 at 2.   Mr. Buhl also states in a conclusory manner in the July 31 Complaint that Defendants Payne and Alvarez made adverse claims about him to two other inmates.   *Id.*

Second, Mr. Buhl asserts that Defendant Rhodes "concocted a false interpretation of a video recording" that actually showed Mr. Buhl being attacked by two, knife-wielding inmates.   *Id.* at 3.   Mr. Buhl contends that he (1) exposed Defendant Rhodes' falsification of government records; (2) as a result Mr. Rhodes was demoted; and (3) now Defendants Rhodes and M. Thompson are retaliating against him by routinely withholding and delaying Mr. Buhl's incoming legal mail and intercepting his outgoing, "cordial correspondence."   *Id.* at 3-4.   Mr. Buhl asserts imminent danger based on his inability to access the court.

Third, Mr. Buhl asserts that Defendant Poland is the systems manager over the ADX mail room and that he has notified Defendant Poland his incoming legal mail is being sent routinely to SIS, the legal department, and withheld from him for one to five weeks.   *Id.* at 4-5.   Mr. Buhl contends that Defendant Poland, like other defendants, is retaliating

against him and in doing so places him in imminent danger because "he is estopped from prosecuting and litigating [his] court case(s)."   *Id.* at 5.

Fourth, Mr. Buhl asserts that Defendants Cook and Svensvold routinely discuss Mr. Buhl with other inmates, and with an outside attorney, Mr. Ed Aro, and withhold his legal mail, which is proof of imminent danger.   *Id.* at 5-6.

Fifth, Mr. Buhl asserts that Defendant Oliver, who is the warden of ADX, has been informed of defendants' violations of federal criminal statutes and of Mr. Buhl's constitutional rights, but Defendant Oliver fails to take any corrective action.   *Id.* at 6. Mr. Buhl contends that Defendant Oliver is aware of (1) the disclosure of sensitive information about Mr. Buhl to other inmates; (2) Mr. Buhl's medical and physical infirmities; and (3) the direct threat Mr. Buhl is under, due to the information available at the prison law library regarding Mr. Buhl's criminal cases, which the library disseminates. *Id.*   Mr. Buhl further contends that Defendant Oliver insists that Mr. Buhl participate in and complete the ADX Transfer Step-Down Program; but he denies Mr. Buhl's placement in the program because of the threat against Mr. Buhl by prison gang members.   *Id.* Finally, Mr. Buhl contends that Defendant Oliver is aware that Mr. Buhl was the victim of a vicious assault at ADX in 2012.   Mr. Buhl concludes that Defendant Oliver's actions, or lack thereof, place him in imminent danger.

Nothing Mr. Buhl asserts against Defendants United States Department of Justice, Federal Bureau of Prisons, C. Alvarez, M. Thompson, D. Rhodes, E. Svensvold, G. Poland, and John Oliver asserts imminent danger of serious physical injury.   In fact, Defendant Oliver's denial of Mr. Buhl's placement in the step-down program, because he is subject to threats by gang members, indicates just the opposite.

Plaintiff is required to provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Vague or conclusory allegations of harm are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).   Mr. Buhl's claims against Defendants United States Department of Justice, Federal Bureau of Prisons, Alvarez, Thompson, Rhodes, Svensvold, Poland, and Oliver are insufficient to demonstrate imminent danger of serious physical injury for the purposes of § 1915(g).  *Id.*   Therefore, Mr. Buhl's request to proceed pursuant to 28 U.S.C. § 1915 is denied as to the claims he asserts against these defendants.

As for alleged incident that another inmate attests took place around April 15, 2015, involving Defendants Payne and Cook, the other inmate may state a specific incident, but in the Sworn Declaration, ECF No. 33, Stine Decl., at 9, the other inmate states that the threat towards Mr. Buhl is if Mr. Buhl goes to "step-down or a yard that he's a dead man."   Plaintiff concedes that his placement in the step-down program is currently denied because of the threat by prison gangs against him.   Resp., ECF No. 33 at 7.   Currently, Plaintiff is housed in ADX, and he does not assert that he is subject to being placed in the step-down program or on a yard in the immediate future.   Also, in the Declaration that Mr. Buhl relies on, the other inmate states that Mr. Buhl does not participate in recreation, but not because of fear of threat of physical injury from other inmates.  *Id.* at 10.   Based on the Declaration, Mr. Buhl does not participate in recreation because of his "ill health," which is at issue in a separate pending case filed by Mr. Buhl and discussed below.

Furthermore, the claims about the threats by other inmates, and that these inmates (1) have gone to the law library; (2) were able to obtain copies about Mr. Buhl's criminal case: and (3) disseminated the copies to prison gang members, are conclusory and vague. The claims asserted against Defendants Clay and Payne, therefore, are insufficient to demonstrate imminent danger of serious physical injury for the purposes of § 1915(g).

Based on the above findings, Mr. Buhl's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 30, will be denied. If Mr. Buhl desires to proceed with this action he must pay the $400 filing fee in full.

Mr. Buhl also has filed a "Motion for an Emergency Protective and/or Restraining Order with Request for Immediate Preliminary Injunction Pursuant to 28 U.S.C. § 2201-2202 and or Federal Rules of Civil Procedure 65 et seq.," ECF No. 32, on August 12, 2015. In the Motion, Mr. Buhl challenges the denial of adequate medical treatment, specifically the failure to treat his extremely elevated cholesterol levels, and the failure to transfer him to a facility where he can receive proper treatment for his geriatric/age related afflictions.

The Court takes note that Mr. Buhl has another pending case in this Court, *Buhl v. Davis, et al.*, No. 14-cv-00302-REB-CBS (D. Colo. Filed Jan. 31, 2014), in which he filed a similar motion for temporary restraining order and a preliminary injunction, *id.* at ECF No. 96, on July 29, 2015. The motion in Case No. 14-cv-00302 addresses not only Mr. Buhl's cholesterol claim, but also the lack of proper medical treatment for other ailments. *Id.* Also, inadequate treatment of Mr. Buhl's medical conditions is the issue presented in Mr. Buhl's operative complaint in Case No. 14-cv-00302-REB.

Furthermore, Mr. Buhl does not state in the August 12 Motion for injunctive relief filed in this action that any of the named defendants in this case are responsible for the alleged inadequate medical treatment or for his transfer to another facility.  Finally, no medical claim is raised in the operative Complaint in this action.   The Court finds no basis for review of the Motion for injunctive relief, ECF No. 32, in this action and will deny the Motion as improperly filed in this case.   Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 30, is denied.   It is

FURTHER ORDERED that Mr. Buhl shall have thirty days from the date of this Order to pay the entire $400.00 filing fee if he wishes to pursue his claims in this action.   It is

FURTHER ORDERED that if Mr. Buhl fails to pay the entire $400.00 filing fee within the time allowed the Complaint and the action will be dismissed without further notice.   It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $400.00 filing fee.   No other filings will be considered.   It is

FURTHER ORDERED that the "Motion for an Emergency Protective and/or Restraining Order with Request for Immediate Preliminary Injunction Pursuant to 28 U.S.C. § 2201-2202 and or Federal Rules of Civil Procedure 65 et seq.," ECF No. 32, filed on August 12, 2015, is denied as improperly filed in this action.

DATED September 29, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court