IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01179-LTB

LEROY BUHL,

    Plaintiff,

v.

U.S. DEPT. OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
JOHN DIGNAM,
CHARLES ALVAREZ,
T. VIALPANDO, and
DEBRA PAYNE,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Motion to Reconsider the Order of September 29/15," ECF No. 38, that Leroy Buhl filed on November 6, 2015, challenging the Court's September 29, 2015 Order that denied him leave to proceed pursuant to 28 U.S.C. § 1915, because he is subject to filing restrictions under § 1915(g), and he fails to assert he is in imminent danger of serious physical injury.

Mr. Buhl is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. The Court must construe the Motion liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

1

First, the Court will construe Plaintiffs' request for reconsideration as filed pursuant to Fed. R. Civ. P. 60(b). *See Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion). Rule 60(b) allows a court to grant relief from an order for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud . . . , misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released or discharged . . . ; or

   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). The decision to grant relief under Rule 60(b) is discretionary; and Mr. Buhl has the burden to show that exceptional circumstances exist that require the Court to amend or vacate an order. *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

Nothing that Mr. Buhl asserts in the Motion to Reconsider addresses the Court's basis stated in the September 29 Order for denying Mr. Buhl leave to proceed pursuant to 28 U.S.C. § 1915.   Mr. Buhl's Motion is an attempt to assert new claims against different individuals.   The claims more properly are raised in a new action; but Mr. Buhl is reminded that he still is subject to filing restrictions under 28 U.S.C. § 1915(g).

The Court, therefore, will deny the Motion to Reconsider because Mr. Buhl fails to demonstrate a reason for granting the Motion pursuant to Rule 60(b). Accordingly, it is

ORDERED that Mr. Buhl's Motion to Reconsider, ECF No. 38, filed on November 6, 2015, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this   10th   day of   November   , 2015.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court